[No. 9987.    Department One.— August 27, 1885.]

## IN THE MATTER OF THE ESCHEATED ESTATE OF AUGUST LEOPOLD, DECEASED. JAUN M. CAR-RASCO, RESPONDENT, *v.* THE STATE OF CALIFORNIA, APPELLANT.

ALIEN HEIR—ASSIGNMENT—RIGHT OF ASSIGNEE.— A non-resident alien may assign property inherited by him in this State, and the assignee may appear and claim it.

ID.—CASE APPROVED.—*Lyons* v. *State of California, supra,* approved as to the points there decided.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*Attorney-General Marshall,* and *S. P. Scaniker,* for Appellant.

*Page & Eells,* for Respondent.

BELCHER, C. C.— It appears in this case that one August Leopold Mongard died intestate in Santa Barbara County in 1870. He left surviving him a widow and one minor child, who were both residing in the Republic of Chile. His estate was administered in the Probate Court of Santa Barbara County, and after paying all claims against it and the expenses of administration, there was left the sum of $1,459 in gold coin. No one appeared to claim this money as heir, and under proceedings commenced by the attorney-general, in pursuance of the provisions of section 1269, of the Code of Civil Procedure, it was paid into the State treasury. The property of the estate was common property, and the minor child died, leaving its mother its only heir.

The widow by an instrument in writing, sold and transferred to Carrasco, the petitioner, all her right to the proceeds of the estate. The petition by Carrasco, under section 1272 of the Code of Civil Procedure, that this money be paid over to him, was signed by his attorney in fact and attorneys at law.

The case was tried, the attorney-general appearing for the State, and judgment rendered in favor of the petitioner.

From that judgment the appeal is taken.

This case in its main features is the same as the case of *Lyons et al.* v. *The State of California,* just decided. All the points made in that case are made here, and upon those points nothing more need be said.

It is further claimed in this case that if the widow of the deceased could have appeared and claimed the proceeds of his estate, her assignee cannot do so, and that his petition therefore states no cause of action.

At common law aliens could not take property by descent or other mere operation of law. (*Farrell* v. *Enright,* 12 Cal. 450; *Lick* v. *Stockdale,* 18 Cal. 218.)

We have now changed the rule of the common law in this respect, by providing that "any person, whether citizen or alien, may take, hold, or dispose of property, real or personal, within this State." (§ 671, Civ. Code.) We have also provided that the "Code establishes the law of this State respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to effect its objects and promote justice." (§ 4, Civ. Code.)

A non-resident alien may take property by succession, but he must appear and claim it within a given time. (§ 672, Civ. Code.) This, as we held in *Lyons* v. *State of California, supra,* does not mean that he must necessarily appear in person. The manifest object of the provisions of the Codes, touching this matter, was to give to non-resident aliens substantially the same rights to the property of a deceased relative as are secured to resident aliens by the Constitution. And these provisions must be liberally construed to effect the object intended.

Ordinarily one who has property, whether it be tangible or a mere right of action, may sell it, and the purchaser will have and may assert the same rights to it that the seller had. A

resident alien might sell his interest in the property of an estate and the purchaser would be permitted to appear and take that interest.    Why should not the non-resident alien and his assignee have the same rights in this respect as the resident alien and his assignee?

The non-resident must "appear and claim" the property, but he does that whether his appearance be in person or by attorney, or by an assignee.    To give to the word "appear" any other meaning would be evidence that we construe narrowly and not liberally the provisions of the Codes.

The judgment we think should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.