(No. 5566.   October 21, 1930.)

ISAAC McDOUGALL, Trustee in Bankruptcy of the Estate of XAVIER SERVEL, Bankrupt, Appellant, v. PHILOMENE SERVEL, PHILOMENE SERVEL, Administratrix of the Estate of PIERRE SERVEL, Deceased, and PIERRE SERVEL, a Minor, Respondents.

[292 Pac. 590.]

Bissell & Bird, for Appellant.

Merrill & Merrill, for Respondents.

McNAUGHTON, J.—The plaintiff, trustee in bankruptcy of the estate of Xavier Servel, sues to recover certain real

property known as the Tyhee ranch, and to require conveyance of the legal title to him.

It is claimed by the plaintiff that the real property in question was purchased, subject to a $7,000 mortgage, by Xavier Servel for use in his sheep business, with funds belonging to him, and upon said purchase took possession thereof as owner, and the said property became a part of his estate. It is alleged that at the time the purchase was made the said Xavier Servel was heavily indebted to many creditors and was in fact insolvent; and that with the design and purpose to cheat and defraud his creditors he wrongfully and fraudulently caused the name of Pierre Servel of Pocatello, Idaho, to be inserted as grantee in the purchase deed.

It is alleged that Xavier had a brother of the name of Pierre Servel, deceased since said conveyance was executed, and that Philomene Servel, his widow, claims to own said real property as executrix of the said estate of Pierre Servel and individually as sole heir. It is also charged in the complaint that Xavier Servel has a son named Pierre Servel who resides at Pocatello, Idaho, who claims some interest in said real property.

The son, Pierre Servel, by duly appointed guardian *ad litem*, has filed a general denial.

Philomene Servel claims to be the rightful owner of said premises as personal representative of Pierre Servel, deceased, and in her individual capacity as sole heir of Pierre Servel, deceased.

Upon trial of the issues of fact the court found that on Nov. 10, 1924, Xavier Servel, then being engaged in the sheep and livestock business, and being heavily indebted to various creditors, and particularly being heavily indebted to one Pierre Servel, brother of Xavier Servel, conducted negotiations for purchase of the lands in question from M. E. Hooker and Ella Hooker, his wife, for $7,319. That on said date Xavier Servel paid E. M. Hooker, $5,000, and later, on July 2, 1925, paid the balance of the purchase price, at which time there was delivered a warranty deed

to Pierre Servel conveying to him said premises. The court further found that at the time of said transactions, Xavier Servel was heavily indebted to his brother Pierre in an amount in excess of the purchase price paid for the property, and that prior to the purchase an agreement or understanding was had between Xavier and his brother Pierre to the effect that said real estate should be purchased for and on account of said Pierre Servel, and that the purchase price paid therefor should be credited by Pierre upon the indebtedness then owing him by Xavier. The court further found that Pierre Servel, named as grantee in the warranty deed and to whom the real estate was conveyed, was Pierre Servel, brother of said Xavier Servel and not the minor son of Xavier Servel.

The court found that the purchase and conveyance was not made or done by Xavier Servel for the purpose of concealing any of his property from creditors, and the conveyance was not wrongful and/or fraudulent, nor in contemplation of bankruptcy, but was for the purpose of a payment, to the extent of the purchase price, of an indebtedness owing by Xavier Servel to said Pierre Servel.

Conclusions of law and judgment were for Philomene Servel, finding and decreeing fee-simple title in her. Plaintiff McDougall, trustee, appeals and bases his appeal upon two assignments:

First, that the findings and conclusions are contrary to the law and evidence: (a) because the grantee named and described in the deed as Pierre Servel of Pocatello is the minor son of Xavier Servel, not the brother who lived at Robin. (b) Because Xavier paid for the land with his own money, went into immediate and complete possession and operated the same with the acquiescence of respondent's predecessor.

Second, that the finding that the purchase price of the land, paid by Xavier, was for the purpose of a payment *pro tanto* upon an indebtedness owing to his brother, and similar conclusions of law are contrary to the law and the evidence, in that the record shows that the note, in part

payment of which the parties pretended to credit such° land payments, had theretofore been fully paid and canceled by conduct of the parties and by operation of law and afforded no consideration.

Xavier Servel's brother Pierre resided mainly at Robin, Idaho, but was well known at Pocatello, Idaho, where it is testified he lived with his brother Xavier part of the time, especially during the winter season. Xavier also had a son 15 years of age who resided with him at Pocatello. The appellant claims the deed described the son rather than the brother.

There being two persons commonly known as Pierre Servel in the same community, it was not error to receive testimony offered for the purpose of showing who the parties to the transaction intended as grantee. This was not varying the terms of the deed, but only in aid of identification of the grantee. (4 Thompson on Real Property, p. 43; *Morse v. Carpenter*, 19 Vt. 613; *Walker v. Miller*, 139 N. C. 448, 111 Am. St. 805, 4 Ann. Cas. 601, 52 S. E. 125, 1 L. R. A., N. S., 157.) The grantor in the deed testified he understood the deed was for the brother of Xavier. And the trial court so found.

Respondent offered testimony showing the land was purchased by Xavier, and occupied by him in his sheep and stock business, pursuant to an agreement that the title should be taken by his brother Pierre, in consideration of which Pierre would credit on the indebtedness due him from Xavier the amounts paid on the purchase price, and Xavier was to account to Pierre for its use.

Where by agreement a debtor purchases land and directs the title transferred to his creditor in application upon his indebtedness, no trust is created and the creditor becomes the owner of the land. (Austin W. Scott, On Trusts, 40 Harvard Law Review, 680; *Harris v. Elliott*, 46 W. Va. 245, 32 S. E. 176; *King v. King*, 281 Pa. St. 511, 127 Atl. 142.) Neither is the relation of mortgagor and mortgagee created, for the deed is taken in satisfaction of the debt, not as security for it. (*Shaner v. Rathdrum State*

*Bank,* 29 Ida. 576, 161 Pac. 90.) The trial court gave credence to this testimony and found for the respondent. There is evidence sustaining these findings, and we do not find the law to be against them.

In the second assignment the claim is want of valid consideration. There is evidence that in 1920 Xavier Servel owed Pierre about $27,000; that he owed large sums to other creditors; and that involuntary bankruptcy proceedings were begun and dismissed upon a statement that the indebtedness had been settled. It appears a corporation, the Idaho Nevada Livestock Company, was created, to which all the property belonging to Xavier was conveyed; that $20,000 of the capital stock of the company was issued to Pierre to take up his indebtedness against Xavier. But it is testified that it was agreed if the corporate venture failed, a further settlement was to be had between the brothers. It appears this company failed, and it is testified, pursuant to the agreement, a note for $12,000 was given by Xavier to Pierre in final settlement of the old indebtedness. Appellant claims this issuing of the stock on account of the then due indebtedness discloses a composition between Xavier and his creditors; and that any secret agreement in connection with the composition agreement between the brothers, by way of inducement or otherwise, was invalid and void. We doubt if the evidence goes far enough to show the stock was issued to Pierre in compliance with a composition deed or agreement between Xavier, Pierre and the other creditors.

Further, we do not think the fact as to whether there was composition or not between Xavier and his creditors, and a resultant payment of the old indebtedness, decisive of this case. It was also testified that later and on December 11, 1922, Pierre loaned Xavier $5,000 additional, and on December 20, 1922, an additional $3,000, for which notes were taken. So, at the time Xavier caused the land in question to be transferred to Pierre, besides the claimed indebtedness evidenced by the $12,000 note, there was additional indebtedness evidenced by other notes amounting to

more than the payment for the land. True, the evidence shows the purchase price for the land paid by Xavier was credited on the $12,000 note, which appellant claims the evidence discloses was settled by composition between Xavier, Pierre and the other creditors.

If, however, the whole of the indebtedness due Pierre had been satisfied by the transfer of $20,000 of the stock in the company, which later failed, and there was no valid consideration for the $12,000 note, still there was $8,000 of new advancements aside from the $12,000 note which was sufficient to fully support the agreement between Xavier and Pierre pursuant to which the transfer was made.

It is claimed by respondent that the deed was to be taken by Pierre, and Xavier was to be given credit on his indebtedness to Pierre in the amount paid by Xavier for the land. The indorsement was an acknowledgment of payment. It does not affect the rights of the parties if in fact it was indorsed upon the wrong note or notes. It was nevertheless payment of indebtedness. Appellant claims the notes for the newer advancements, one for $5,000 and one for $3,000, may not and should not be considered because as a matter of law where a debtor owing several items fails upon making a payment to designate to which item payment shall be applied, the creditor may apply it upon whichever item he chooses. That in this case the debtor, having failed to designate how the payment should be made, the creditor had a right to apply it on the $12,000 note, and having done so, the other notes cannot be considered. The trouble we find in appellant's reasoning is that it does not go far enough if we are to assume one of the items bad for illegality.

Manifestly where one claim of indebtedness is good and another bad the law would require application upon the valid claim. The trial court did not find specifically that the $12,000 note was reduced in the amount of the purchase price of the land; but found that Xavier's indebtedness to Pierre was greater than the purchase price and that indebtedness was reduced in the amount of the payments

made by Xavier on the purchase price of this land. We do not think the court's finding in this respect is against law.

The issues in this case are, from its nature, mainly issues of fact. The court has found for the respondent. The findings are supported by valid evidence, in the main direct and positive. They are not in conflict with the law. We have no grounds for disturbing them.

The judgment is affirmed. Costs to respondent.

Givens, C. J., Lee and Varian, JJ., and Terrell, D. J., concur.