546 P.2d 394

**Janice WRIGHT, Plaintiff-Appellant,**

v.

**Donald Newton WRIGHT, Defendant-Respondent.**

No. 11906.

Supreme Court of Idaho.

Feb. 25, 1976.

E. Don Copple, Davison, Copple & Copple, Boise, for plaintiff-appellant.

Perce E. Hall, Hall & Friedly, Mountain Home, for defendant-respondent.

## PER CURIAM.

This is an appeal from a judgment for defendant following trial in an action by plaintiff for money damages arising from the alleged breach of defendant's promise to pay an antecedent debt of plaintiff. We affirm.

Plaintiff-appellant Janice Wright and defendant-respondent Donald Newton Wright were formerly husband and wife. During the time of the marriage plaintiff borrowed a sum of money from a bank evidenced by a promissory note bearing only her signature and secured by a pledge of her separate property. The proceeds of the loan were used by plaintiff partly in the management of her separate property and partly to purchase a membership in the livestock breeding organization known as the Limousin Foundation.

Prior to the divorce of the parties, they separated and plaintiff's allegations are to the effect that the defendant agreed to pay the plaintiff's remaining indebtedness to the bank. Defendant's version of the facts admits that there was such an agreement between the parties, but adds that in return for his assumption of the debt plaintiff had agreed to transfer the Limousin Foundation membership to him.

Thereafter defendant sought and obtained a divorce. Defendant asserts that he attempted to pay the indebtedness to the bank, but such payment was refused and he was advised by plaintiff that she would not transfer the Limousin Foundation membership to him. Plaintiff herself paid the indebtedness. Approximately three years thereafter plaintiff brought the present action.

Following trial to the court, findings of fact and conclusions of law were filed which essentially adopted defendant's theory of the case; to wit, that defendant agreed to assume the bank indebtedness in consideration for receiving the membership in the Limousin Foundation, and that defendant's agreement of assumption of the debt was nullified and cancelled by plaintiff's refusal to transfer the Limousin Foundation membership.

Findings of the trial court will be upheld on appeal when based upon substantial and competent evidence, albeit conflicting and controverted. I.C. § 13–219; *Church v. Roemer,* 94 Idaho 782, 498 P.2d 1255 (1972); *Dalby v. Kennedy,* 94 Idaho 72, 481 P.2d 30 (1971). Here there is evidence which supports the findings of the trial court. We have reviewed appellant's remaining assignments of error and find them to be without merit. The judgment is affirmed. Costs to respondent.