102 P.3d 1131

Kerri HILL, individually and as Beneficiary of Basin Ranch Holding Trust, an irrevocable trust, Plaintiff–Appellant,

v.

Gary R. HILL, Donna N. Hill, husband and wife, and Basin Ranch LLC, an Idaho limited liability company, and All Unknown Claimants and Owners to that certain real property described as follows: commencing at the Southwest corner of Lot 4, Block 25 of the original Rexburg Townsite in the City of Rexburg in Madison County, Idaho, as per the recorded plat thereof, and running thence East 125 feet; thence North 200 feet; thence West 125 feet; thence South 200 feet to the point of beginning, Defendants–Respondents.

No. 30231.

Supreme Court of Idaho,
Idaho Falls, September 2004 Term.

Dec. 8, 2004.

Peterson, Moss, Olsen, Carr, Eskelson & Hall, Idaho Falls, for appellant. Steven D. Hall argued.

Grover & Butikofer, Rigby, for respondents. Blair J. Grover argued.

KIDWELL, Justice.

This is an action to quiet title to real estate located in Rexburg, Idaho. In 1995, Gary and Donna Hill executed a quitclaim deed naming Basin Ranch Holding Trust as grantee. In 1999, Gary and Donna Hill executed a quitclaim deed for the same property, naming Basin Ranch LLC as grantee. The primary issue advanced by the parties is whether a trust may own property, where Idaho Code § 55–103 appears to limit ownership of property to "persons." We remand for further proceedings.

I.

FACTS AND PROCEDURAL BACKGROUND

Gary and Donna Hill (the Hills) have a son, Vance Hill (Vance). Vance Hill was

married to Kerri Hill (Kerri). At the time of these events, the Internal Revenue Service was pursuing collection of past-due taxes from Vance and Kerri. In 1994, Vance approached his parents about buying their business, an automobile repair shop and the real property upon which it operated. On March 10, 1995, Gary and Donna Hill sold the business to T T B Company Trust, doing business as PDQ Auto Shop. Vance was the true purchaser and was required to make periodic payments to his parents as consideration for the sale of the business. As an additional part of this sale, the real property and certain equipment were to be placed into trust, "terms and conditions to be determined between Gary R. Hill and the purchaser, independent of this agreement." On the same day, Gary and Donna Hill executed a quitclaim deed granting the real property to "Basin Ranch Holding Trust" (the Trust). The granting language of the deed mentions only the Trust, and does not state that it quitclaims anything to the trustee of the Trust. However, at the bottom of the deed in a section titled "MAIL DEED TO:" the deed recites:

C/O Todd Daniels, Trustee

Basin Ranch Holding Trust

PO Box 846

Rexburg, Idaho 83440

The deed recites as its consideration the "[creation of] an irrevocable trust." The transaction was fashioned in this manner to shield the business and the real property from the tax liabilities of Vance and Kerri.

On May 24, 1999, Gary and Donna Hill executed a quitclaim deed granting the real property to Basin Ranch LLC. This deed was recorded on May 27, 1999. This deed recites that the Basin Ranch Holding Trust was never formed and this new deed was executed to correct the public record.

Kerri and Vance divorced in early 2002. Kerri filed her complaint seeking title quieted in the Trust in September 2002. The Hills filed an answer and a counterclaim seeking title quieted in Basin Ranch LLC. Both parties moved for summary judgment on their respective actions.

The district court focused on an issue that does not appear to have been raised by the Hills. The district court found as an undisputed fact that the deed names the Basin Ranch Holding Trust as the grantee. The district court concluded that the Trust was not a "person" which could receive or hold property under Idaho Code § 55–103, which states, "Any person, whether citizen or alien, may take, hold and dispose of property, real or personal." Under the district court's interpretation, the deed attempted to convey property to an entity that could not receive or hold property and was void. The district court granted summary judgment to the Hills and quieted title in Basin Ranch LLC. Kerri filed a motion to alter or amend the judgment. After hearing, the district court denied this motion. Kerri timely appeals.

## II.

### STANDARD OF REVIEW

 Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In a motion for summary judgment, this Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party. Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented. *Iron Eagle Dev., L.L.C. v. Quality Design Sys., Inc.,* 138 Idaho 487, 491, 65 P.3d 509, 513 (2003) (internal citations omitted); *see also Willie v. Bd. of Trustees,* 138 Idaho 131, 133, 59 P.3d 302, 304 (2002).

## III.

### ANALYSIS

In support of the district court's judgment, the Hills argue that the district court properly concluded that a trust could not hold property under Idaho Code § 55–103. Kerri argues that the term "person" as used in I.C.

§ 55–103 should encompass a trust. Additionally, Kerri argues that a trustee has the power to acquire property in the name of the trust, pursuant to I.C. § 68–106(c)(7), and that power includes taking a deed which names the trust as the grantee. We do not reach these arguments.

■ In *Edwards v. Belknap*, 66 Idaho 639, 166 P.2d 451 (1946), this Court held that a deed is sufficient if the grantee can be identified by extrinsic evidence. *Edwards*, 66 Idaho at 646, 166 P.2d at 453 (citing *York v. Stone*, 178 Wash. 280, 34 P.2d 911 (1934)); *see also, McDougall v. Servel*, 50 Idaho 9, 13, 292 P. 590, 591 (1930) (allowing oral testimony to determine which of two Pierre Servels, residing at Pocatello, Idaho, being related as uncle and nephew, was the rightful grantee of a deed conveying real property). Identifying an ambiguous grantee by resort to the four corners of a deed, or extrinsic evidence, is a widely accepted rule. *See, e.g., Roeckl v. F.D.I.C.*, 885 P.2d 1067 (Alaska 1994); *Hodgkiss v. Northland Petroleum Consol.*, 104 Mont. 328, 67 P.2d 811 (1937); *Kelly v. Hard Money Funding, Inc.*, 87 P.3d 734 (Utah Ct.App.2004). In *Edwards*, this Court also noted that while a trust had no power to do anything, a trustee who represented the trust was an individual *sui juris*, and could adopt a name for transacting business. *Edwards*, 66 Idaho at 646, 166 P.2d at 453.

■ In the instant case, the deed expressly names the Basin Ranch Holding Trust as grantee of the deed. However, within the four corners of the deed, Todd Daniels is named as the trustee of the Basin Ranch Holding Trust. The deed arguably could be valid on three bases: 1) a trust is encompassed within the term "person" as used in I.C. § 55–103; 2) a trustee may acquire property in the name of a trust, pursuant to I.C. 68–106(c)(7); or 3) pursuant to *Edwards*, where the deed names a trust as the grantee, further inquiry may be had to determine the true grantee. Because the facts of this case make the third basis a possibility, it is not necessary to interpret either I.C. § 55–103 or § 68–106(c)(7) in order to resolve the validity of this deed. Under all of these bases validating the deed, the initial inquiry is whether a trust exists.

The parties disagree as to the existence of the Basin Ranch Holding Trust. Because the district court grounded its order and judgment on the basis that a trust could not be a "person" under I.C. § 55–103, the district court did make any finding concerning the existence of the Basin Ranch Holding Trust.

The bill of sale and the quitclaim deed are evidence of intent to create a trust, and the affidavits support that intention, although Gary Hill asserts that he relied on Kerri and Vance and did not know what was being done. Additionally, the bill of sale also shows intent to agree upon the terms of the trust at some future time. Counsel for the Hills submitted an affidavit with an attached document that is asserted to be the trust instrument of the Basin Ranch Holding Trust. It is unsigned, incomplete and is dated January 1, 1995, well before execution of the bill of sale and quitclaim deed. The evidence tends to establish that the Hills intended to create a trust, the name of the trust and the trustee of the trust. The evidence does not establish the beneficiaries of the trust or the terms of the trust. The bill of sale recites that the terms of the trust were to be agreed upon by Gary Hill and the purchaser, which the bill of sale recites as T T B Company Trust. Todd Daniels is also the trustee of that trust, as shown by the UCC–1 form.

With regard to Kerri's motion for summary judgment, liberally construing all facts and drawing all reasonable inferences from the facts in favor of the Hills, genuine issues of material fact exist concerning whether or not the Basin Ranch Holding Trust ever came into existence and Todd Daniels' position as trustee.

## IV.

## CONCLUSION

The quitclaim deed to the Basin Ranch Holding Trust may be valid only if a trust existed, so either the trust or the trustee could be a proper grantee of the deed. Because there are genuine issues of material fact regarding the existence of the trust,

Kerri is not entitled to summary judgment as a matter of law. Based on this alternate analysis, we affirm the district court's denial of summary judgment to Kerri. Similarly, the Hills' motion for summary judgment is predicated on a conclusion that the deed to the Basin Ranch Holding Trust is void. We have not so concluded. We reverse the district court's grant of summary judgment to the Hills because genuine issues of material fact regarding the existence of the trust preclude a grant of summary judgment in favor of the Hills. Accordingly, the action is remanded to the district court for further proceedings.

The Hills sought attorney fees as the prevailing party in an action based on a commercial transaction. The Hills have not prevailed and are not entitled to attorney fees. Costs are awarded to Kerri pursuant to I.A.R. 40.

Chief Justice SCHROEDER and Justices TROUT and BURDICK, Concur.

Justice EISMANN, concurring in the result.

The district court held that the deed to Basin Ranch Holding Trust was void because Idaho Code § 55–103 limited property ownership to "persons" and a trust was not a person under that statute. The district court's interpretation of § 55–103 is erroneous. It is not intended to limit the ownership of property to "persons." Its intent was to expand the right of property ownership to aliens.

The statute provides, "Any person, whether citizen or alien, may take, hold and dispose of property, real or personal." That statute was originally enacted in 1887 by the Idaho Territorial Legislature. Rev. Stats. of Idaho Terr. § 2827 (1887). The Territorial Legislature took a great body of the statutes it enacted from California, *Merchants' Protective Ass'n v. Jacobsen*, 22 Idaho 636, 127 P. 315 (1912), and § 55–103 is one of those statutes. Its material provisions are identical to § 671 of the California Civil Code, which was originally enacted in 1872. "Where the Idaho legislature adopts a statute identical to, or similar to the statute of

another state, then we will presume that the statute was adopted along with the construction which the courts of the other jurisdiction had placed upon the statute prior to its adoption." *Walborn v. Walborn*, 120 Idaho 494, 501, 817 P.2d 160, 167 (1991).

In 1885, the California Supreme Court discussed the purpose of the statute from which § 55–103 was copied. It first noted, "At common law aliens could not take property by descent or other mere operation of law." *State v. Carrasco*, 67 Cal. 385, 7 P. 766 (1885). It then stated, "We have now changed the rule of the common law in this respect by providing that 'any person, whether citizen or alien, may take, hold or dispose of property, real or personal, within this state.' Section 671, Civil Code." *Id.* Thus, the correct construction of § 55–103 is simply that an alien has the same right to take, hold, and dispose of real or personal property in this state as does a citizen.

This Court has previously held that a trust is not a separate legal entity. "A corporation is an artificial being; a trust is no being at all." *State v. Cosgrove*, 36 Idaho 278, 284, 210 P. 393, 395 (1922). The trust property is owned by the trustee(s). "A trustee is a man who is the owner of the property and deals with it as principal, as owner and as master, subject only to an equitable obligation to account to some person to whom he stands in the relation of trustee, who are his *cestuis que trustent.*" *Id.* Even though a trust is not a legal entity, a deed naming a trust as the grantee of real property is not thereby rendered void.

"A deed is sufficient if the grantee can be identified by extrinsic evidence." *Edwards v. Belknap*, 66 Idaho 639, 166 P.2d 451 (1946). Because it is the trustee who holds title to the trust property, the grantee in this case must be the trustee of the Basin Ranch Holding Trust. The deed to the Trust included the typed direction: "MAIL DEED TO: C/O Todd Daniels, Trustee Basin Ranch Holding Trust, PO Box 846, Rexburg, Idaho 83440." Thus, the trustee, who is the real grantee of the property, was named on the face of the deed.

"The essential characteristics of a trust are the separation of the legal from the beneficial

interest and the existence of a fiduciary relationship." *Sawyer v. Huff*, 86 Idaho 328, 337, 386 P.2d 563, 568 (1963). To create a trust, there must also be at least one beneficiary for whom the property is to be administered by the trustee. *Yribar v. Fitzpatrick*, 91 Idaho 105, 416 P.2d 164 (1966). Whether or not a trust was created in this case was not addressed by the district court.

I agree that the judgment of the district court must be vacated and this case remanded for further proceedings.