(April 8, 1912.)

# HERMAN BERGEN and SOPHIA ANN BERGEN, Respondents, v. JOHN JOHNSON, Appellant.

[123 Pac. 484.]

DEED—WHEN A MORTGAGE—INTENT OF PARTIES—LACHES—STATUTE OF LIMITATIONS.

(Syllabus By the court.)

1. Where an instrument in writing in the form of a deed of conveyance is executed and delivered as security for a debt, such instrument becomes a mortgage and not a deed notwithstanding the form of the instrument.

2. In an action brought for the purpose of declaring a deed a mortgage, the evidence to support the claim of the plaintiff must be clear and satisfactory and show the intent of the parties to be that the instrument delivered is security for a debt, and not a conveyance of absolute title.

3. Evidence in this case examined and *held* to support the finding and judgment of the trial court holding that a deed in form is in fact a mortgage.

4. Where B. and wife apply to J. to borrow money and an agreement is entered into whereby J. agrees to loan to B. $75, payable on demand, on condition that B. and wife execute a deed to certain real property as security for such indebtedness, and B. and wife agree to such condition and execute such conveyance, and J. thereupon pays to B. the said sum of $75, less expenses of preparing and recording said instrument and the cost of an abstract, and after deducting six months' interest on said principal at eight per cent, and such agreement is proven by the evidence of B. and wife and denied by J., and the evidence further shows that J. made no improvements upon said land or expended any money thereon or asserted any rights as owner of said land or paid any taxes upon said land, or did any act by reason of his belief that the conveyance was a deed, and also the great difference between the money loaned and the value of the land, *held*, that such evidence will support a finding of the trial court that such conveyance was in fact a mortgage.

5. Where laches is plead as a defense, the facts and circumstances of each case must govern the court in determining the sufficiency of the laches to constitute a defense to the cause of action. Lapse of time may be considered as an important element,

but is not controlling, and the court should give proper and due regard to the surrounding circumstances and the acts of the parties and their relationship to the property involved in the controversy.

6. *Held,* that the statute of limitations does not apply as a defense under the facts shown in this case.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

An action to declare a deed a mortgage. Judgment for plaintiff. *Affirmed.*

John P. Gray, Chas. P. Lund, and F. M. McCarthy, for Appellant.

In order to justify a finding that a deed absolute on its face was given to secure a debt, the proof must clearly show a mutual understanding on the part of the grantor and the grantee that the instrument was executed, delivered and accepted as a mortgage. (*Tilden v. Streeter,* 45 Mich. 533, 8 N. W. 502; *Jasper v. Hazen,* 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58; *Rue v. Dole,* 107 Ill. 275; *Henley v. Hotaling,* 41 Cal. 22.)

The question whether or not a deed absolute on its face is a mortgage depends entirely upon the intention of the parties to the transaction; this intention can only be determined from their conduct and expression of intention. (*Felland v. Vollmer Milling & Merc. Co.,* 6 Ida. 120, 53 Pac. 268; *Winters v. Swift,* 2 Ida. 61, 3 Pac. 15; *Vance v. Anderson,* 113 Cal. 532, 45 Pac. 816; *Cornell v. Hall,* 22 Mich. 377; *Horbach v. Hill,* 112 U. S. 144, 5 Sup. Ct. 81, 28 L. ed. 670.)

No conveyance absolute on its face can be a mortgage unless made to secure the payment of a debt or the performance of a duty existing at the time the conveyance was made or to be credited or to arise in the future. (*Morrison v. Jones,* 31 Mont. 154, 77 Pac. 507; *Gassert v. Bogk,* 7 Mont. 585, 19 Pac. 281, 1 L. R. A. 240.)

"Where there is no debt or loan, an agreement to resell does not change an absolute conveyance into a mortgage." (*Holmes v. Grant,* 8 Paige, 243.)

The courts will not lend their aid to declare a deed absolute upon its face to be a mortgage except upon clear, certain and conclusive testimony. (*Goodbar v. Bloom,* 43 Tex. Civ. App. 434, 96 S. W. 657.)

Respondents are not entitled to relief because of laches. (5 Pom. Eq., sec. 21; 18 Am. & Eng. Ency. of Law, 105; *Idaho Gold Mining Co. v. Union Min. etc. Co.,* 5 Ida. 107, 47 Pac. 95; *Ryan v. Woodin,* 9 Ida. 525, 75 Pac. 261.)

Black & Wernette, for Respondents.

"It is the settled rule that if a deed absolute in form was made merely to secure an indebtedness to the grantee, it is a mere mortgage, and does not pass the title." (*Kelley v. Leachman,* 3 Ida. 392, 29 Pac. 849.)

Every instrument intended to secure the payment of money or the performance of some collateral act is a mortgage. (*Brown v. Ryan,* 6 Ida. 1, 51 Pac. 995.)

The question of whether an absolute deed is, in fact, a mortgage is one of intention of the parties. (*Workman v. Greening,* 115 Ill. 477, 4 N. E. 385; *Kelley v. Leachman, supra.*)

"In deciding whether any deed or other written instrument constitutes an equitable mortgage, the principal test is whether the relation of debtor and creditor between the parties has continued after the execution and delivery." (*Nelson v. Smith,* 47 Wash. 386, 92 Pac. 131; *Plummer v. Ilse,* 41 Wash. 5, 82 Pac. 1009, 2 L. R. A., N. S., 627; *Boyer v. Paine,* 60 Wash. 56, 110 Pac. 682.)

"Every person having an interest in property subject to a lien has a right to redeem it from the lien any time after the claim is due, and before his right of redemption is foreclosed." (Sec. 3385, Rev. Codes; *Hannah v. Vensel,* 19 Ida. 796, 116 Pac. 115; *Brown v. Bryan, supra.*)

In this state there can be but one action on a debt secured by a mortgage, and this is the foreclosure of the mortgage. No judgment can be obtained by the mortgagee against the mortgagor without foreclosure of the mortgage, except where

the mortgaged property becomes valueless. (*Rein v. Calloway*, 7 Ida. 634; 65 Pac. 63; *First National Bank v. Williams*, 2 Ida. 670, 23 Pac. 552.)

"This statute makes the right of redemption absolute, provided the redemption is sought after the debt becomes due and before the period of redemption on foreclosure expires." (*Barnes v. Pitts Agr. Works*, 6 Ida. 259, 55 Pac. 237.)

STEWART, C. J.—This is an action brought by the plaintiffs against the defendant for the purpose of having a deed declared a mortgage and to compel the release of said mortgage upon the payment of the amount found due.

The answer puts in issue the material allegations of the complaint and alleges that the deed set forth in the complaint was in fact a deed and not a mortgage, and that the grantee entered into possession of said land and has remained in possession since the execution and has improved the property.

Upon the issues made by the pleadings the cause was tried to the court and findings of fact and conclusions of law made and judgment rendered in favor of plaintiffs. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling the motion for a new trial.

The only question presented upon this appeal is the sufficiency of the evidence to sustain the findings and judgment. The trial court finds that the plaintiffs, respondents here, have been since May 25, 1898, owners in fee, except as to a lease given to Erick Peterson and Anna M. Peterson, of the property described in the complaint; that on the 25th day of May, 1898, the plaintiffs borrowed of the defendant Johnson $75 at eight per cent interest per annum on an oral agreement made with the defendant to pay the sum with interest on demand, and that plaintiffs received said sum, less $3 retained by the defendant for interest for six months, the cost of making out papers, and the making of an abstract, and that the whole sum retained from said loan of $75 was about $10; and thereafter there was paid to the defendant

on said loan the sum of $10 as interest; and that to secure said loan the plaintiffs executed and delivered the deed described in the complaint, dated May 25, 1898; that it was agreed between the plaintiffs and the defendant that upon the payment of the sum borrowed the defendant would release his claim against said premises by proper writings, and turn over to the plaintiffs the title papers given in security; that such title papers were deposited with the defendant with that understanding; that since the borrowing of said money and making said indenture the defendant has never been in possession of any part of the above-described premises and has not paid any taxes thereon and has made no improvements thereon of any nature or kind whatsoever; that there have been several conversations had between the plaintiffs and defendant since said money was borrowed about the transaction, and that in such conversations the transaction was referred to as a loan of money, and that the indenture given was as security for the payment thereof, and that the plaintiffs were never notified of the contrary until the month of August, 1909, when the plaintiffs offered to pay and settle said indebtedness; that in the month of August, 1909, the plaintiffs offered to settle with the defendant and pay him on the contract of loan $75 with interest thereon at eight per cent from May 25, 1898, less the sum of $13 repaid, and that the defendant refused to settle with the plaintiffs or to accept said sum and refused to release the claim against said premises; that the value of the property conveyed by said security at the time the mortgage was given was about $2,500. From these facts, and other facts upon which there is no controversy in this case, the court concluded as a matter of law that the plaintiffs were entitled to recover and therefore rendered judgment accordingly.

The evidence is somewhat voluminous and upon the essential questions is very much in conflict. Herman Bergen, one of the appellants, testifies that he borrowed from the defendant Johnson $75 on May 25, 1898, and out of the money thus borrowed Johnson retained $3 for interest on the amount borrowed for six months at eight per cent, and paid for the

preparation of the papers and for the abstract of title, and paid to the plaintiff herein the sum of $63 in cash, and that the deed for the property was executed as security for said sum, and that the principal borrowed was to be paid to Johnson at such time as he was able to pay the same; that the reason the deed was given instead of a mortgage was on account of the request of Johnson, who claimed that it would be more convenient for him and would not have to be closed in case the money was not repaid, and that there was something about the laws of Idaho that made it better than a mortgage, and that money could be better secured on a deed than on a mortgage; that after this money was borrowed he paid Johnson interest at one time of $10, and that he had conversations with Johnson thereafter in which the transaction was referred to as a loan, and that the deed had been given as security. This evidence of Bergen is corroborated in the main by the evidence of his wife as to the conversations that took place between the plaintiffs and the defendant Johnson at the time the loan was negotiated from Johnson, and that the agreement to make the loan was made at the time the deed was executed, and that it was not only agreed to at Johnson's office, but also afterward when the papers were executed in the office of the attorney who drafted the instrument in Mr. Porterfield's office in Spokane. This evidence, however, is contradicted by Johnson who denies such agreement and claims that he purchased the interests of Bergen and his wife in said property and paid therefor the sum of $75, and that the deed was given by the plaintiffs as a deed of conveyance of title for the purchase price paid, to wit, $75. Johnson, however, in his testimony admits that when Bergen and his wife went to him to procure the loan they made application for a loan of about $200, and that he declined to make a loan and refused to make a loan, but finally agreed to purchase their interests. This admission on Johnson's part clearly shows that the question of loaning money was first discussed as a loan between the plaintiffs and the defendant, and in this respect corroborates the plaintiffs

in the case, but as to the finality of the agreement reached he contradicts the evidence of the plaintiffs.

There is other evidence in the record which in our judgment tends to support the contention of plaintiffs that there was no intention on the part of plaintiffs at the time the deed involved in this case was executed to make a conveyance of their title to the property described in the deed, or that the conveyance was made with the intention of conveying a fee simple title. Johnson at no time after the execution of said deed up to the time this action was commenced attempted in any way to take possession of the property; neither did he make any expenditure in the way of improvements upon said property; neither did he pay any taxes upon said property, nor did he in any way assert his ownership therein from the time of the execution of the instrument in controversy up to the date this action was commenced. After such instrument had been executed the taxes upon the said property were paid by Peterson and the plaintiffs, and the defendant at no time expended any money in or about said premises.

It is also shown by the evidence, and upon which there is no conflict, that at the time the instrument of May 25, 1898, was executed by plaintiffs and delivered to the defendant the property described in the deed was of the value of not less than $1,000 and not exceeding in value $2,500. The fact that the amount paid was about one-thirteenth of the value of the property conveyed is a circumstance which strongly indicates that it was not the intention of either the plaintiffs or the defendant that the conveyance was one of fee simple title rather than a title to secure the payment of money. There is no evidence which in any way indicates circumstances which could justify the conclusion that the plaintiffs ever intended such transaction to be a sale. If the instrument was executed and delivered as security for a debt, then the instrument becomes a mortgage and is not a deed, notwithstanding the fact that the deed is absolute in its terms. (Rev. Codes, sec. 3391; *Kelley v. Leachman*, 3 Ida. 392, 29 Pac. 849; *Brown v. Bryan*, 6 Ida. 1, 51 Pac. 995; *Hannah v.*

*Vensel*, 19 Ida. 796, 116 Pac. 115; *McMillan v. Bissell*, 63 Mich. 66, 29 N. W. 737; 27 Cyc., pp. 1006–1009.)

Cyc., in discussing this question, in vol. 27, p. 1007, announces the general rule to be: "The question whether a deed which is absolute in form is to be taken as a mortgage depends upon the intention of the parties in regard to it at the time of its execution. It is this which must be sought for, whether in the papers themselves or by the aid of extraneous evidence, and which, when clearly ascertained, will govern the decision. Whatever form they may have given to the transaction, the design and understanding of the parties will fix the character of the instrument. But in order to convert a deed absolute in its terms into a mortgage, it is necessary that the understanding and intention of both parties, grantee as well as grantor, to that effect should be concurrent and the same."

In a case of this kind it is required on the part of the person asserting that the deed is a mortgage to prove clearly and satisfactorily the intent of the parties to make the instrument signed and delivered a security for a debt and not a conveyance of absolute title, and we believe that the evidence in this case shows clearly the intent of both plaintiffs and defendant that the instrument involved was given for the sole and only purpose of securing a debt.

The trial court heard the evidence, saw the witnesses and determined that the instrument was intended as a mortgage and was executed for the purpose of securing a debt and was in fact a mortgage. In view of this evidence and this finding we do not believe that the findings and judgment should be disturbed. The authorities heretofore referred to also hold that in cases of this kind it is not necessary that the debt be evidenced by a promise to pay in writing, and that an oral promise of the plaintiffs and the acceptance on the part of the defendant that it was a debt and was to be repaid is sufficient; neither was it necessary for the plaintiffs to show that any particular rate of interest was agreed upon as these are matters which are implied from the debt.

Counsel for appellant also contend that the plaintiffs cannot recover because of laches. The evidence shows beyond contradiction that the relation of both plaintiffs and defendant with reference to the property remained the same after the execution of the instrument of May 25, 1898, as it was before execution, and remained the same up to the time the plaintiffs returned and took possession of the property in 1909; that the defendant in no way changed his relationship to said property and in no way was led to waive any rights, not asserted or enforced by reason of the delay. It is true in this instance that a long period of time elapsed between the making of the instrument and the bringing of this action for its enforcement, yet notwithstanding that fact at no time during that period has the defendant expended any money or done any act which resulted from the fact that the instrument was a deed. The witnesses to the original transaction are all still living and were present during the trial, and none of the parties or the witnesses have died or have removed beyond the jurisdiction of the court, and neither party has been deprived of any evidence that could have been produced had the action been brought at an earlier period. In cases of this kind there is no inflexible rule controlling the application of the defense of laches. The facts and circumstances of each case must govern courts of equity in permitting such defense to be made. Lapse of time is an important element, but it is not controlling, it is only one of the controlling and important factors, and the courts should give proper and due regard to the surrounding circumstances and the acts of the parties and their relationship to the property involved in the controversy. In this case we are clear that the evidence wholly fails to show laches. Counsel for appellant contend that the action is barred by the statute of limitations. This defense cannot be allowed. The instrument involved being a mortgage and the debt being payable upon demand, Johnson could have commenced an action to have the mortgage foreclosed at any time upon demand, and it was entirely within his power to have brought an action for that purpose at any time, and the respondents

were not in law required to bring an action to compel him to do so, and they are not barred by the period of the statute of limitations because they did not so bring an action. So far as the evidence is concerned, it appears that the respondents, as soon as they were able and had the money to pay said indebtedness, made a tender of the same to the appellant and demanded that the same be accepted and the mortgage released, and this the appellant refused.

The judgment is *affirmed.* Costs awarded to the respondent.

Ailshie and Sullivan, JJ., concur.