(No. 5158.   July 19, 1928.)

MARY A. WRIGHT, Formerly MARY A. DORE, Appellant, v. W. O. ROSEBAUGH, Administrator of the Estate of JERRY L. DORE, Deceased, and JOHN C. DORE, Respondents.

[269 Pac. 98.]

Ezra R. Whitla, for Appellant.

S. E. Henry, for Respondents, cites no authorities on points decided.

BUDGE, J.—Action brought by appellant to quiet title to certain real property, of which she claims to be the owner. Appeal from judgment dismissing complaint.

On January 3, 1918, Jerry L. Dore deeded the property in controversy to appellant, who was then his wife. On October 11, 1919, Dore and his wife executed a deed to the property to F. A. Shultis, the named consideration being $500; it appearing by oral evidence adduced at the trial that the property was being sold to one Sherman, who signed a note for the amount of the purchase price and delivered the note to Shultis, cashier of the First National Bank of Bonners Ferry. The deed was made out to Shultis to be held by him until the payment by Sherman of the entire purchase price, payments thereon to be made by in-

stalments, and after which Shultis was to deed the property to Sherman. After Sherman had paid some $375 on the note and had lived on the property and paid taxes thereon for about three years, he agreed to sell the property to Dore for the same amount he had contracted to purchase it; and, accordingly, Shultis, on May 15, 1922, executed a warranty deed therefor to Dore, the named consideration being $500. Appellant and Jerry L. Dore were divorced on February 8, 1922, and on November 1, 1924, Dore died, leaving surviving him as his only heir, respondent John C. Dore. Respondent Rosebaugh is the administrator of the estate of Jerry L. Dore.

It is contended by appellant that the evidence shows that the deed to Shultis was a mortgage, and reliance is placed upon the provisions of C. S., secs. 6358 and 6359, to the effect that every transfer of an interest in property other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage; and the fact that a transfer was made subject to defeasance on a condition may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument.

The rule is well established and recognized by numerous cases in this state and elsewhere that a deed absolute in form may be shown to have been intended as a mortgage. This principle is a rule of property, and is recognized both at law and in equity. It applies whether or not the deed is a warranty deed, and whether the deed is accompanied by a condition or matter of defeasance expressed in the deed or contained in a separate instrument, or existing merely in parol. Whether or not a deed absolute in form is a mortgage is a mixed question of law and fact to be determined from all the evidence, written and parol; and in determining it, all the facts and circumstances attending the transaction should be considered.

A fee-simple title is presumed to pass by a grant of real property, and, independent of proof, the presumption arises that the instrument is what it purports on its face to be—an absolute conveyance of the land. To justify a trial court in determining that a deed which purports to convey land absolutely in fee simple was intended to be something different, as a mortgage, the authorities are uniform to the point that the evidence must be clear, satisfactory and convincing, and that it must appear to the court beyond reasonable controversy that it was the intention of the parties that the deed should be a mortgage. (*Bergen v. Johnson*, 21 Ida. 619, 123 Pac. 484; *Shaner v. Rathdrum State Bank*, 29 Ida. 576, 161 Pac. 90; *Clinton v. Utah Construction Co.*, 40 Ida. 659, 237 Pac. 427; *Drennan v. Lavender*, 41 Ida. 263, 238 Pac. 532.) The trial court is the appropriate tribunal to weigh the evidence and determine whether it is convincing and satisfactory within the meaning of the rule. It has been said that in such cases, as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review in the appellate court. (*Beckman v. Waters*, 161 Cal. 581, 119 Pac. 922, quoting from *Couts v. Winston*, 153 Cal. 686, 96 Pac. 357, in which many earlier cases are cited.)

"A deed absolute on its face cannot be held to be a mortgage unless there is a debt to be secured thereby, since a mortgage is a defeasible conveyance made simply to secure a debt." (*Shaner v. Rathdrum State Bank, supra.*) On an issue as to whether a deed absolute in form was intended as an absolute conveyance or as a mortgage, the test is whether there was a subsisting debt after the conveyance. (*Clinton v. Utah Construction Co., supra,* citing many cases to the same effect.) It is not contended nor is it shown by the evidence that the warranty deed of appellant and Jerry L. Dore to Shultis was to secure any debt of both or either of them. In this respect the instant case differs from many of the decisions relied upon by appellant, in that it ordinarily appears where a conveyance has been construed to be a mortgage that the grantor was indebted to the

grantee and executed the deed as security for such indebtedness. We think it appears clearly enough from the record here that the transfer was made to Shultis for the purpose of finally having the title go to Sherman, the purchaser, who obtained the purchase price from the cashier of the bank, such title to be held by the latter in trust for Sherman pending payment of Sherman's note to the bank. It is fairly deducible that the money thus received by Sherman from the bank was paid to Dore, thereby extinguishing any debt due the grantors. We cannot be concerned with what was done with the money by Dore, but there is evidence to show that appellant evinced entire satisfaction with the transaction. The deed executed by appellant and Dore to Shultis contained no condition as to a possible defeasance, and no writing or other evidence was offered as to the deed being a defeasible conveyance and not an *indicia* of a sale to Sherman, with the exception of bare statements that the deed was executed "as security," that it was a "mortgage," etc.,—mere conclusions not entitled to weight as evidence.

Since the determination of the facts was within the province of the trial court, and there is substantial evidence to warrant it in holding the transaction to have been a sale and that the deed was not a mortgage, we are not in a position to disturb such holding. The judgment must therefore be affirmed and it is so ordered. Costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Taylor, J., disqualified.