(No. 5707.   October 6, 1931.)

THE INVESTORS' MORTGAGE SECURITY COMPANY, LTD., a Corporation, Plaintiff, v. JAMES HAMILTON et al., Defendants.

C. R. CROWLEY, Assignee, Cross-Complainant and Respondent, v. J. C. JONES and ISABELLA JONES, Cross-Defendants and Appellants.

[4 Pac. (2d) 347.]

E. M. Holden, for Appellants.

C. E. Crowley and Ariel L. Crowley, for Respondent.

McNAUGHTON, J.—The issues have narrowed to a contest between the cross-complainant and the cross-defendants to determine whether a warranty deed with an option to purchase back four and one-half months later operated under

the circumstances of this case as a transfer of the property described in satisfaction of the debt, or as additional security for the payment of the debt later.

The defendants were indebted to the cross-complainant on a promissory note in the sum of $855.30, with interest, secured by a real estate mortgage. To avoid immediate foreclosure after the note fell due and also to give the appellants an opportunity to sell the mortgaged land and pay the amount of the note and $75 attorney's fees, the deed in question was executed by appellants and delivered to the attorney of the respondent and the option to purchase the property was executed by the respondent and delivered to appellants. The deed was not to be recorded until after the expiration of the option. The appellants did not find a purchaser for the property. No payment was made on account of the option or the indebtedness. After the expiration of the option the deed was filed for record and later this cross-action to foreclose the mortgage and the deed as a mortgage was instituted.

The trial court found that the deed was not a conveyance but that the time of payment of the mortgage debt was extended and that the mortgage, deed and option in question all constituted a mortgage to secure the payment of the note, and entered a decree foreclosing the same.

Appellants under assignments of error claim: (1) The evidence is insufficient to sustain the judgment; (2) error in receiving oral testimony to modify the terms of a written instrument; (3) error in overruling the demurrer on the special ground of uncertainty in the complaint.

We shall examine and discuss these assignments in reverse order.

The complaint is not a model. It contains allegations of fraudulent misrepresentation in procuring the deed which were disregarded by the trial court and which on motion might have been stricken. The complaint, however, stated definite facts constituting a cause of action for the relief granted, and we do not find that the trial court committed reversible error in overruling the special demurrer. In

reviewing an intermediate order on appeal from the judgment, the judgment will not be reversed unless the intermediate order complained of involves the merits or necessarily affects the judgment. (C. S., sec. 7170.)

The parol testimony discloses the facts and circumstances attending the transactions culminating in the deed and option and was admissible.

C. S., sec. 6358, provides as follows:

"Every transfer of an interest in property other than in trust, made only as security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by an actual change of possession, in which case it is to be deemed a pledge."

C. S., sec. 6359, provides as follows:

"The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or incumbrancer for value and without notice), though the fact does not appear by the terms of the instrument."

"Whether or not a deed absolute in form is a mortgage is a mixed question of law and fact to be determined from all the evidence, written and parol; and in determining it, all the facts and circumstances attending the transaction should be considered." (*Wright v. Rosebaugh,* 46 Ida. 526, 269 Pac. 98, 99.)

The law is well settled in this state that a deed absolute in form may constitute a mortgage. (*Wright v. Rosebaugh, supra; Bergen v. Johnson,* 21 Ida. 619, 123 Pac. 484.) It is also settled law that a mortgagor subsequent to executing the mortgage may sell his equity of redemption to the mortgagee; that is, a mortgagee may legally take a deed transferring the mortgaged property in satisfaction of the debt and legally give an option to purchase back. (*Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90.)

In determining whether the instrument is a conveyance or a mortgage, the controlling question is whether or not the debt is paid on execution and delivery of the deed.

If paid there is no mortgage and the deed can evidence only an absolute transfer. If, on the other hand, the debt were not paid but the time of payment was simply extended, then the deed and option may be treated as further security and constituted a mortgage.

The case at bar is very similar to *Shaner v. Rathdrum State Bank, supra,* with this exception: in that case the note was surrendered and the mortgage canceled when the deed and option were executed and delivered. The evidence of payment of the debt was almost conclusive. The relation of debtor and creditor had terminated. In the present case the note was not surrendered. It remained with appellant as strong evidence of the relation of debtor and creditor.

The trial court found that the debt was not paid by a transfer of real property; that the mortgage, deed and option constituted a mortgage for the payment of the indebtedness evidenced by the note.

In cases generally where it is claimed that a deed is given as security and not as a transfer, the claim, to prevail, must be supported by clear and convincing evidence. (*Bergen v. Johnson, supra; Shaner v. Rathdrum State Bank, supra; Clinton v. Utah Construction Co.,* 40 Ida. 659, 237 Pac. 427.)

But "a conveyance of the mortgaged premises by the mortgagor to the mortgagee operates as a bar to the equity of redemption only when it clearly and unequivocally appears that both parties so intended that it should; otherwise it will be regarded as a mere change in the form of the security. *Ennor v. Thompson,* 46 Ill. 214." (*Bradbury v. Davenport,* 114 Cal. 593, 55 Am. St. 92, 46 Pac. 1062.)

We find that though there is conflict in the evidence and a different conclusion might have been drawn, there is competent evidence sufficient to support the findings of the trial court.

The judgment is affirmed, with costs to the respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.