(No. 6124. December 28, 1934.)

CHARLES FOND and ELMA FOND, Appellants, v. H. W. McCREERY and AGNES V. McCREERY, Respondents.

[39 Pac. (2d) 766.]

Chas. E. Horning, Walter H. Hanson and F. C. Keane, for Appellants.

James A. Wayne, for Respondents.

MORGAN, J.—It is recited in the judgment that it is

"ORDERED, ADJUDGED AND DECREED that the demurrer of the defendants to the amended complaint of the plaintiffs herein be, and the same hereby is, sustained upon the grounds that said amended complaint does not state facts sufficient to constitute a cause of action; that plaintiffs take nothing by their said action, and that the same be dismissed, and that defendants recover their costs and disbursements herein, taxed at the sum of $5.00"

The instrument is dated November 10, 1933, and is marked docketed and filed November 15, 1933.

It is stated in the notice of appeal: "plaintiffs hereby appeal to the Supreme Court of the State of Idaho from that certain order made by the above-entitled court under date of November 10th, 1933, and filed herein on the 15th day of November, 1933, and which said order sustained the defendants' demurrer to plaintiffs' amended complaint and which said order ordered and directed the dismissal of the above-entitled action. This appeal is taken from the whole of said order."

Respondents have moved to dismiss the appeal on the grounds: 1. That it has been taken from an order sustaining their demurrer to appellants' amended complaint, which is a non-appealable order; 2. That appellants' brief was not served within forty days after the filing of the record on appeal, as required by Rule 45 of this court.

The document referred to in the notice of appeal is a judgment, and is so entitled. No order sustaining the demurrer to the amended complaint, other than that contained in said judgment, is to be found in the record. The act of the court appealed from is misnamed in the notice of appeal, being therein called an order instead of a judgment, but the name by which the instrument is called is not

controlling. (*Miller v. Gooding Highway District,* 54 Ida. 154, 30 Pac. (2d) 1074, and cases therein cited.)

 Appellants' failure to serve and file their brief within the time specified in Rule 45 does not appear to have resulted to the disadvantage of respondents and the appeal will not be dismissed on that ground. (*Harding v. Mutual Benefit Health & Accident Assn., ante,* p. 131, 39 Pac. (2d) 306.)

In the amended complaint the following are alleged to be facts, and they are controlling in the decision of the case on the merits.

December 16, 1924, appellants, then husband and wife, entered into a contract with Emma B. Keys and D. E. Keys, her husband, for the purchase of a hotel, in Mullan, Shoshone County, together with personal property therein contained, for $43,000, $8,000 of which was paid at the time the contract was executed, and $35,000 was to be paid at the rate of $2,500 semi-annually. Upon the execution of the contract appellants went into possession of the property. In December, 1928, they were in default because of failure to make some of the payments due on the purchase price, and the vendors were threatening to dispossess them. Appellants informed respondents of this fact and entered into negotiations with them for a loan in an amount sufficient to pay the balance then owing. The negotiations culminated in an agreement between appellants and respondents and Mrs. Keys and her husband resulting in a conveyance by the latter of title to the property to appellants, by warranty deed. Appellants, in order to secure the repayment to respondents of the money advanced by them for the purpose of paying the balance of the purchase price due to Mrs. Keys and her husband, December 18, 1928, made, executed and delivered to respondent, H. W. McCreery, a warranty deed conveying the property to him, and respondents thereupon entered into a contract with appellants for the sale and reconveyance of the property by the former to the latter. Copies of the deeds and contracts are attached to the amended complaint and by reference made a part thereof.

Referring to the execution and delivery of the deed and contract between appellants and respondents it is alleged in the amended complaint that it was ''clearly and thoroughly understood and agreed between the plaintiffs (appellants) and defendants (respondents) that said transaction as above set forth whereby said plaintiffs transferred the title to said property to the defendants, and the contract whereby the defendants agreed to sell said premises, and said personal property to the plaintiffs, was for the sole and only purpose of securing the repayment to the defendants and each of them of the sum of money advanced by the defendants to pay off the balance remaining on the Keys contract, and that said transactions were to constitute and be a mortgage to secure the repayment of said sums of money. . . . .

''That all of said transactions had between the said plaintiffs and defendants were had for the sole and exclusive purpose and object of securing to the said defendants and were intended by all parties thereto as security for the repayment of any and all sums of money so advanced by the said defendants in the payment of the balance due the said Emma B. Keys and D. E. Keys, and as security for the repayment of moneys advanced by defendants in the discharge of liens which had theretofore attached by reason of taxes levied by the State of Idaho or the Village of Mullan, or any special improvement taxes and/or assessments due the Village of Mullan and that said transaction was and is an equitable mortgage, and that the said defendants have through their wrongful and unlawful acts deprived these plaintiffs and each of them of any and/or all equity of redemption in and/or to said premises.''

The deed conveying the property from appellants to McCreery is in a form in general use in this state. In the contract, appearing on its face to be a contract of sale by respondents to appellants, it was provided that the former agreed to sell, and the latter agreed to purchase, the property for a consideration of $35,508.55 in 120 payments of $295.90 each, to be made on the 20th day of each and every month until the amount was fully paid. Appellants

were to pay all taxes and assessments theretofore levied during the life of the contract, and to keep the property insured against loss or damage by fire for at least $25,000. They further agreed they would not violate, nor cause nor permit to be violated, any national, state or local law prohibiting the manufacture, sale or possession of intoxicating liquor upon or within the lands or premises described in the contract; also that they would promptly pay and discharge all debts and claims existing or to exist against the property therein described, or any part thereof, during the life of the contract.

Respondents agreed to take from appellants an assignment of the contract of sale between them and Emma B. Keys and D. E. Keys, and to make the payments and perform the covenants thereof to be made and performed by appellants; to execute a warranty deed conveying the lands and premises to appellants free and clear of all encumbrances and to place it in escrow, with a copy of the contract, to be delivered by the escrow holder to appellants only upon payment in full of the purchase price named in the contract, at the times and in the manner set forth They also agreed to deliver possession of the premises to appellants and to permit them to occupy and use the same at all times during the life of the contract and prior to any breach or forfeiture thereof.

The contract provided for forfeiture by appellants of all rights to the property in the event of their failure to faithfully keep and perform the covenants and agreements therein expressed to be by them kept and performed.

It is alleged in the amended complaint that appellants remained in possession of the property and made all payments of $295.90 per month, in the contract provided for, as and when they became due, up to June 8, 1929, and that respondents, on said date, caused to be served on them a purported notice of forfeiture of the contract and during their absence from the property took possession thereof and of a large amount of personal property, belonging to appellants, contained in the hotel. It is further alleged that by

reason of said wrongful acts of respondents they have become indebted to appellants in a sum greatly in excess of the amount advanced by the former to Emma B. Keys and D. E. Keys, for and on behalf of the latter, and that they, appellants, do not owe respondents, or either of them, anything on account of said transaction, but if the court determine respondents have not been repaid all sums of money advanced by them they, appellants, acknowledge their willingness and ability to pay any sum found to be due from them.

A general demurrer to the amended complaint was sustained, and judgment was entered dismissing the suit as heretofore stated. This appeal is from the judgment.

I. C. A., secs. 44–804 and 44–805, are as follows:

44–804. "Every transfer of an interest in property other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by an actual change of possession, in which case it is to be deemed a pledge."

44–805. "The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument."

In *Winters v. Swift,* 2 Ida. 61, 69, 3 Pac. 15, 19, it is said:

"There being nothing in the deed, nothing in the bond, nothing in both, if construed together, to constitute the transaction a mortgage, we must next inquire into the intention of the parties at the time the deed was executed. This is to be gathered from the testimony."

In *Kelley v. Leachman,* 3 Ida. 392, 397, 29 Pac. 849, 851, this court said:

"Parol evidence is admissible to show that an absolute deed and a separate defeasance are parts of the same trans-

action, and that together they were intended to constitute a mortgage.''

In *Clinton v. Utah Construction Co.*, 40 Ida. 659, 687, 237 Pac. 427, 436, this court quoted from *Kelley v. Leachman:*

"When, at the time of the execution of an absolute conveyance, a separate defeasance or agreement to reconvey is also executed, the transaction at law will constitute a mortgage,''

and said:

"The rule above stated is too narrow. . . . . It fails to incorporate other necessary and controlling elements and eliminates the question of intention of the parties and encroaches upon their right to contract.''

The court then quoted as follows from 2 Devlin on Deeds, 1100:

"On the issue as to whether a deed was intended as a conveyance or a security, the intention of the parties is the infallible test, such intention to be gathered from all the surrounding circumstances.''

In the Clinton case the court also said:

"This intention, as above noted, is to be ascertained from the written instruments themselves and the intention of the parties as gathered from their previous negotiations, their agreements and conversations and the course of dealings between them prior to and leading up to the execution of the instruments and the peculiar circumstances of each case. (*Winters v. Swift, supra.*) The trial court therefore properly admitted evidence as to negotiations and agreements and conversations had prior to the execution of these instruments and subsequent dealings between the parties.'' (See, also, *Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90; *Wright v. Rosebaugh,* 46 Ida. 526, 269 Pac. 98.)

It is true an existing debt, owing from the grantor to the grantee in a deed, is indispensable to the instrument being construed to be a mortgage. If the allegations of the amended complaint with respect to the transaction under

consideration are true, and allegations of facts properly pleaded are admitted to be true when the pleading containing them is tested by general demurrer, a debt existed from appellants to respondents which might be secured by mortgage. This debt was created, if the allegations are true, by the payment of money to Mrs. Keys and her husband, by respondents, for the use and benefit of appellants.

If the allegations of the amended complaint are true the deed and contract between appellants and respondents constituted a mortgage and the latter, by repossessing the property, as alleged, invaded the rights of the former.

I. C. A., sec. 9–101, is a part of Title 9, Chap. 1, of our statutes relating to and providing for foreclosure of mortgages. It provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. . . . . " Sec. 9–104, also a part of that chapter, is as follows: "A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure sale."

The judgment is reversed, with instruction to the trial judge to overrule the demurrer to the amended complaint. Costs are awarded to appellants.

Budge, C. J., and Givens and Holden, JJ., concur.

Wernette, J., deeming himself to be disqualified in this case, did not sit with the court nor participate in the opinion.