(No. 6251.   October 9, 1935.)

NORTHWESTERN AND PACIFIC HYPOTHEEKBANK,
a Corporation, Respondent, v. HANNAH A. NORD
and HANNAH A. NORD, Administratrix, Appellants.

[50 Pac. (2d) 4.]

A. H. Wilkie, for Appellants.

Alvin Denman, for Respondent.

AILSHIE, J.—In 1922 N. O. Nord and wife, Hannah A. Nord, mortgaged their homestead to the respondent Northwestern & Pacific Hypotheekbank for $11,000. In January, 1929, suit was instituted to foreclose the mortgage and thereafter a decree of foreclosure was entered, and on April 27, 1929, the property covered by the mortgage was sold at foreclosure sale and bid in by the respondent for $16,952.53; and certificate of sale was issued by the sheriff to respondent. During the period of redemption and prior to the expiration thereof negotiations were conducted between the parties, with a view to respondent giving appellants a contract to purchase the property on instalment payments. These negotiations were conducted chiefly by correspondence. It was agreed that respondent would make a reduction from the total amount of principal, interest, cost and penalties of $751.37, and that the total purchase price should be $19,000; that the Nords would make a cash payment of $2,000 and that thereupon a written contract should be entered into for the purchase of the land and that the balance of $17,000 should be paid in instalments, the first of which should fall due October 31, 1931; and that periodic instalments of a thousand dollars should be made thereafter until the principal would be reduced to $10,000, whereupon the respondent should give appellants a deed of conveyance and receive back a mortgage on the land for the balance ($10,000) due on the purchase price. Check for $2,000 was mailed to respondent bank on April 18th and was received by the bank in due course. This contract bears date of April 21, 1930, and was apparently not delivered until some time in May following. On April 28th (the time of redemption having expired) the sheriff's deed was duly issued to respondent.

The Nords resided on and used the premises continuously and no physical change of possession of the premises ever occurred. The contract for purchase contemplated their

remaining in possession and contained the following provisions:

"In case of failure of said party of the second part to make the payments, or any part thereof, or perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the said party of the first part, be forfeited and determined and the said party of the second part shall forfeit all payments, made by him on this contract as liquidated damages for failure to perform this contract and as rental for the use of said premises, and such payments shall be retained by said party of the first part, and it shall have the right to re-enter and take possession of the premises aforesaid without demand and without notice and at any time after such default."

. . . . . . . . . . . . .

"The time of payment shall be of the essence hereof."

The Nords defaulted in their payments and on January 15, 1934, respondent caused to be served on appellants a notice in words as follows:

"You, and all persons holding under you, are hereby notified that you have defaulted in the payment of the sums provided in that certain land contract, made and entered into between the Northwestern and Pacific Hypotheekbank (Northwestern and Pacific Mortgage Company) and you on April 21, 1930; that there is now due and owing under and pursuant to the provisions of said contract, the principal sum of sixteen thousand dollars; interest to December 15, 1931, $977.28; interest to December 15, 1932, $1280; interest to December 15, 1933, $1280; and 1931 and 1932 taxes paid by the said Northwestern and Pacific Hypotheekbank in the amount of $1052.71.

"You are further notified that by reason of your default in not making said payments, the said contract is hereby cancelled.

"And you are further notified that you are hereby required to vacate the northwest quarter of section 33, township 2, north of range 38 E. B. M., the property described in said contract within thirty days from the service of this notice on you."

No further payments having been made, the respondent commenced this action on February 23, 1934, setting up two causes of action: first, action in ejectment; second, to quiet title. The Nords answered, pleading that the transaction, whereby they contracted to purchase from the respondent the property on which the foreclosure proceeding had been taken, constituted a mortgage on the premises, and that it should be so held by the court; and for that reason the action in ejectment as well as the action to quiet title should fail. In the meanwhile defendant N. O. Nord died and defendant Hannah A. Nord, as administratrix, was substituted as a party defendant in place of her deceased husband. The trial court held against the contention of the defendants and they have appealed.

It is here contended that the court erred in not holding that the transaction constituted a mortgage, and to that end appellants have assigned various errors as having occurred, both in the admission and rejection of evidence and in the findings made by the court. As we view the matter, it will be unnecessary for us to consider the specifications of error singly or in detail as they all raise the same fundamental question of the insufficiency and incompetency of the evidence to support the findings and judgment.

Appellants contend that the negotiations and transaction between appellants and respondent, whereby they made a payment of $2,000 on the purchase price and contracted to pay future instalments, amounted in law to a remortgaging of the premises or an extension of time as provided by the terms of the contract; and that the facts bring the case within the holdings of this court in *Kelley v. Leachman,* 3 Ida. 392, 29 Pac. 849; *Wilson v. Thompson,* 4 Ida. 678, 684, 43 Pac. 557; *Brown v. Bryan,* 6 Ida. 1, 15, 51 Pac. 995; *Hannah v. Vensel,* 19 Ida. 796, 116 Pac. 115; *Woodmansee Estate v. Covington,* 39 Ida. 749, 230 Pac. 41; *Investors' Mtge. Sec. Co. v. Hamilton,* 51 Ida. 113, 117, 4 Pac. (2d) 347; *Fond v. McCreery,* 55 Ida. 144, 39 Pac. (2d) 766.

Respondent, on the other hand, contends that this was only a contract for sale of property owned by respondent and that there was no intention on the part of the parties

at the time of the execution of the contract to create a mortgage, and that no debt existed between appellants and respondent at that time; and that the case falls within the rule announced by this court in *Shaner v. Rathdrum State Bank,* 29 Ida. 576, 583, 161 Pac. 90; *Clinton v. Utah Const. Co.,* 40 Ida. 659, 680, 237 Pac. 427, *Wright v. Rosebaugh,* 46 Ida. 526, 529, 269 Pac. 98, and most of the cases cited by appellants.

The court found (a) that the defendants had no estate, right, title or interest in the land; (b) that plaintiff was entitled to the immediate possession thereof; (c) that no agreement was made between plaintiff and defendants to the effect that plaintiff should bid in the land and take sheriff's deed as security, and thereafter enter into a contract to convey the land back to defendants and hold the sheriff's deed as security for the payments; (d) that no agreement or understanding whatever was made in reference to defendants' foregoing or waiving their right of redemption; (e) that there was no agreement or understanding or intention that the contract for conveyance by plaintiff to defendants should be considered an extension of time to pay the original mortgage indebtedness, and that the $2,000 payment was not made on the said original indebtedness but was rather made as the initial payment on the purchase price under an independent contract of sale.

There is ample evidence to support the findings of the trial court.

■ When the foreclosure sale was made and respondent bid in the property for the amount of the debt and costs, and the sheriff executed and delivered a certificate of sale, title passed from defendants to plaintiff for the property in question (sec. 8–310, I. C. A.) and the judgment was thereby paid; there no longer existed any indebtedness from defendants to plaintiff. (*Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90; *Steinour v. Oakley State Bank,* 45 Ida. 472, 262 Pac. 1052; *Fond v. McCreery,* 55 Ida. 144, 39 Pac. (2d) 766.)

The only right or property interest remaining in the mortgagor was the right to divest the purchaser of his title at

any time within one year after sale by compliance with the redemption statute. (Secs. 8–310, 8–402 to 8–407, I. C. A.; *Keel v. Vinyard,* 48 Ida. 49, 279 Pac. 420; *Evans v. Power County,* 50 Ida. 704, 1 Pac. (2d) 614; *Steinour v. Oakley State Bank, supra.*)

■ A redemption when made is not from the mortgage lien but from the execution sale, and a deed subsequently given by the sheriff passes no additional title but rather evidences that the purchaser's title has not been divested by redemption. (*Duff v. Randall,* 116 Cal. 226, 48 Pac. 66, 58 Am. St. 158; *Bateman v. Kellogg,* 59 Cal. App. 464, 211 Pac. 46; *Hillsdale College v. Thompson,* 99 Mont. 400, 44 Pac. (2d) 753; *In re Chaboya,* 9 Fed. Supp. 174.)

■ Before holding that a contract or deed constitutes a mortgage, under our statute (sec. 44–804, I. C. A.) it must be shown to the court that there was an intention in the minds of the respective parties at the time the instrument was executed and delivered, that it should be treated and considered as security for a debt. (*Bergen v. Johnson,* 21 Ida. 619, 123 Pac. 484; *Shaner v. Rathdrum State Bank, supra; Parks v. Mulledy,* 49 Ida. 546, 551, 290 Pac. 205, 79 A. L. R. 934; *Clinton v. Utah Const. Co.,* 40 Ida. 659, 237 Pac. 427; *Fond v. McCreery,* 55 Ida. 144, 39 Pac. (2d) 766.)

■ In order to constitute a deed or other writing a mortgage, there must be an existing indebtedness from the mortgagor to the mortgagee. (*Wright v. Rosebaugh,* 46 Ida. 526, 529, 269 Pac. 98; *Shaner v. Rathdrum State Bank, supra; Investors' Mtge. Co. v. Hamilton,* 51 Ida. 113, 117, 4 Pac. (2d) 347.)

■ Ejectment was an appropriate remedy. (*Fronan v. Madden,* 13 Ida. 138, 88 Pac. 894.) So also was the remedy to quiet title available to the plaintiff. (Sec. 9–401, I. C. A.)

The judgment should be affirmed, and it is so ordered, with costs to respondent.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.