692 P.2d 1199

**KERR LAND & LIVESTOCK, INC., an Idaho Corporation, Plaintiff-Respondent,**

v.

**Warren G. GLAUS and Rosamond F. Glaus, husband and wife; David H. Glaus and Ramona Glaus, husband and wife; and Raymond G. Becky and Margaret K. Becky, husband and wife, Defendants-Appellants.**

No. 14889.

Court of Appeals of Idaho.

Nov. 8, 1984.

Rehearing Denied Dec. 18, 1984.

Petition for Review Denied · Feb. 19, 1985.

John Franklin Adlard and Iver J. Longeteig (argued), Boise, for defendants-appellants.

Kevin F. Trainor, of Doerr & Trainor, Twin Falls, for plaintiff-respondent.

PER CURIAM.

A partnership consisting of Warren and Rosamond Glaus, David and Ramona Glaus, and Raymond and Margaret Becky (hereinafter called "buyer") has appealed from a partial summary judgment entered on behalf of Kerr Land & Livestock, Inc. (hereinafter called "seller"). After the buyer had defaulted on a land sale contract, the seller obtained a summary judgment holding that the buyer no longer had any right, title, interest, lien or estate in the real property. The trial court also awarded attorney fees to the seller. We affirm that portion of the judgment quieting title in the seller, but we vacate the award of attorney fees and remand for proper findings.

The parties entered into a contract of sale in January, 1981, by which the buyer agreed to purchase certain real and personal property from the seller. A down payment of $670,000 was paid on the purchase price of $2,650,000. Only $220,000 of the down payment was applied toward the purchase of the real property; $450,000 was payment for the personal property. The buyer received a complete conveyance of the personal property and that portion of the transaction is not at issue in this appeal. The contract of sale obligated the buyer to pay annual installments of $322,624.74, the first of which was due on December 1, 1981. The buyer failed to pay the first installment. On December 8, 1981, the seller mailed to the buyer a notice of default which stated that under the terms of the contract the buyer had 90 days to cure the default. After the buyer did not cure the default, the parties entered into an amendment to the contract, in March, 1982. As part of this amended agreement, the buyer issued the seller a deed in lieu of foreclosure. The parties agreed that the deed would be recorded in the event the buyer defaulted on the land sale contract as amended. An affidavit issued by the buyer in conjunction with the deed stated, as did the deed itself, that the deed was not intended as a mortgage, trust conveyance, or security of any kind.

After the buyer defaulted on the amended contract, the seller filed a complaint in district court seeking ejectment of the buyer from the property, as well as payment for certain damages and attorney fees. The buyer's answer admitted the existence of the land sale contract and default thereof, and also alleged counterclaims against the seller, seeking damages for alleged misrepresentation and claiming an equitable lien against the property. The seller thereafter moved for a summary judgment declaring that the buyer had forfeited its rights under the land sale contract and that the buyer had no right or interest in the real property. The seller also requested dismissal of the buyer's counterclaims. Summary judgment on the seller's first two requests were granted; summary judgment on the buyer's claim of misrepresen-

tation was denied. After a certificate of finality was issued, I.R.C.P. 54(b), the buyer appealed.

The buyer essentially argues on appeal that summary judgment for the seller was improper because genuine issues of material fact exist. I.R.C.P. 56. The buyer maintains that allegations in its answer and counterclaim demonstrate that a genuine issue of material fact exists in regard to the intent of the parties when the deed was given to the seller pursuant to the amended contract. The buyer contends the deed to the seller could have been intended as a mortgage, thus requiring the seller to follow statutory foreclosure procedures in order to reacquire the property. We are not persuaded by the buyer's argument.

■ I.R.C.P. 56(c) states that summary judgment shall be entered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If a contractual provision is reasonably subject to differing interpretations, its meaning is a question of fact. *Moss v. Mid-America Fire and Marine Insurance*, 103 Idaho 298, 647 P.2d 754 (1982). Thus, summary judgment would be improper in this case if the purpose of the deed called for in the amended contract was reasonably subject to differing interpretations. However, we believe it was not.

■ We agree with the trial court's entry of a partial summary judgment in favor of the seller. The precise wording of the amended contract and deed eliminates any potential ambiguity regarding the intent of the parties. Both documents unequivocally state that the deed is not intended to be a mortgage or any other security arrangement. Indeed, the buyer does not maintain that an ambiguity exists in the deed or amended contract. The buyer even stops short of arguing that it in fact intended to create a mortgage at the time the deed was issued. Instead, the buyer believes it is entitled to a trial on the intent of the parties simply because a deed was given, and cites authority that "a deed absolute in

form may be shown to have been intended as a mortgage." *Wright v. Rosebaugh*, 46 Idaho 526, 528, 269 P. 98, 99 (1928). We believe a genuine issue of material fact as to the purpose of the deed is not created just because it is "possible" for a deed absolute in form to be a security arrangement. The buyer does not allege that a genuine issue of material fact exists regarding the intent of the parties at the time the deed was issued, and the buyer's inspired analysis after the event does not create one. There being no ambiguity regarding the intent of the parties, and no genuine issue of material fact otherwise existing, the seller was entitled to a partial summary judgment.

■ Next, the buyer argues that the deed should have been treated as a security instrument under the mortgage foreclosure statutes, I.C. §§ 6–101 and 6–104. The buyer asserts that the seller's remedy, under those statutes, would be to foreclose a mortgage rather than—as the sellers claimed in its complaint—ejectment of the buyer from the property, restoration of possession and quieting of title in the seller. We are unpersuaded by the buyer's contention. As noted, the deed, and the expressed intent of the parties, clearly and unambiguously showed that the deed was not a mortgage.

■ Because we affirm the summary judgment, we also consider the buyer's argument that it is entitled to an equitable lien in the property. The buyer believes it may be entitled to an equitable lien by virtue of its having paid $220,000 on the purchase price. However, as in *Ellis v. Butterfield*, 98 Idaho 644, 570 P.2d 1334 (1977), "at no time in these proceedings have they argued that the foregoing amounts are disproportionate to the damages sustained by the [vendors] or that the vendors are unjustly enriched by retention of payments and recovery of the property." 98 Idaho 647, 570 P.2d at 1337. As did the Supreme Court in *Ellis*, we affirm the trial court's conclusion that the buyer is not entitled to an equitable lien in the property.

■ The buyer also urges the trial court erred by awarding attorney fees to the

seller. Although not explicitly stated in the court's order, attorney fees apparently were awarded pursuant to I.C. § 12–121.[1] Attorney fees may be awarded under I.C. § 12–121 only if the trial court finds the case was defended frivolously, unreasonably or without foundation and makes a written finding as to the basis and reasons for awarding attorney fees. I.R.C.P. 54(e)(1), (2). Because the trial court failed to make the necessary findings, we vacate the award of attorney fees to the seller and remand with directions to the court to make an award, if appropriate, by following the procedure in I.R.C.P. 54(e)(1) and (2).

The summary judgment, excluding the award of attorney fees to the seller, is affirmed. The award of attorney fees to the seller is vacated and remanded. No attorney fees on appeal. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Costs to respondent, Kerr Land & Livestock, Inc.

---

1. The initial agreement of the parties—in January, 1981—provides for an award of attorney fees to the prevailing party in any action to enforce the contract. The amended agreement in March, 1982, did not specifically address future recovery of attorney fees; however, it stated "the parties hereto reaffirm the terms and conditions of said [January, 1981] Contract which shall continue to remain in full force and effect." Under *Ellis v. Butterfield, supra,* an award of attorney fees pursuant to the contract of the parties was precluded when the trial court entered summary judgment declaring the contract to be forfeited. Thus, the court could award attorney fees to the seller only under I.C. § 12–121.